Robert B. Sykes (#3180)
C. Peter Sorensen (#16728)
Christina D. Isom (#17244)
**SYKES MCALLISTER LAW OFFICES, PLLC**
311 South State Street, Suite 240
Salt Lake City, Utah 84111
Telephone (801) 533-0222
bob@sykesmcallisterlaw.com
pete@sykesmcallisterlaw.com
christina@sykesmcallisterlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| AARON JAMES and TIFFANY JAMES, Heirs and Proposed Personal Representatives of the Estate of Zane James,<br><br>Plaintiffs,<br><br>vs.<br><br>CASEY DAVIES and COTTONWOOD HEIGHTS;<br><br>Defendants. | Case 2:19-cv-00341<br><br>**MOTION TO STRIKE OR SUMMARILY DENY DEFENDANTS' MOTION TO DISMISS AND TO ENTER A DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF ON LIABILITY, OR IN THE ALTERNATIVE, TO STAY AND COMPEL EVIDENCE**<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

## **MOTION**

Plaintiffs move the Court as follows:

### 1. **Strike or Summarily Deny the MTD & Enter a Default Judgment.**

For an Order striking or summarily denying Defendants' Motion to Dismiss, and entering a default judgment on liability on the grounds that Defendants have perpetrated an

intentional spoliation of evidence, like unto a fraud on the Court, by concealing crucial evidence of a video of the actual shooting of Zane James, such that the Complaint (Doc. 2), Defendants' MTD (Doc. 9), and the Opposition (Doc. 16) were all based on false and omitted facts.

**2.     Stay and Compel Evidence.** In the alternative, for an Order staying any decision on Defendants' Motion to Dismiss (MTD), Doc. 9, currently pending before the Court, and an Order compelling Defendants to immediately turn over any and all video of the shooting of Zane James.

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiffs have in the past few days learned crucial new information that justifies this Motion. This information affects the underpinnings of the defense and profoundly undermines the credibility of Defendants' pending Motion to Dismiss, and other representations made to the Court. This evidence suggests an intentional concealing of evidence that would likely defeat Defendants' claims in the MTD.   The withholding of or concealing a video of the actual shooting of Zane James is like unto fraud on the Court as well as a fraud on the District Attorney, who officially investigated the fatal shooting of Zane James.

## FACTS

The following facts are relevant to this motion:

**1.     05/29/2018 - Date of Shooting.**   Zane James was fleeing law enforcement after being pursued as a suspect for two armed robberies with an airsoft (toy)

gun in the early morning hours of May 29, 2018. He crashed his motorbike in a residential neighborhood in Cottonwood Heights, Utah at approximately 6:00 a.m. As Zane was limping away from the crash site, Officer Davies pulled up, leveled his pistol at Zane, gave no warning, and shot four times, hitting him in the back twice. The shooting caused Zane's death two days later. Doc. 2.

      **2.**    <u>**Representation of No Video of the Shooting.**</u>  It was represented by Cottonwood Heights on several occasions that there was no video of the actual shooting.

      **a.**    **James' GRAMA Request.** The James family made several GRAMA requests for all video and other documents relevant to the shooting. See Exhibit 1. They were told by several Cottonwood Heights employees that there was no video of the actual shooting. Exhibit 2.

      **b.**    **Tiffany James Affidavit.**  Tiffany and Aaron James made direct requests to Cottonwood Heights City Officials for all videos, which would include body and dash cam videos. They were told that videos of the shooting did not exist. See Exhibit 2, Tiffany James Affidavit.

      **c.**    **Public Statements by Chief Russo.** The Cottonwood Heights Police Department (CHPD) Police Chief, Robby Russo, made a statement to Channel 2 on October 9, 2018, where he said, "Davies [the shooting officer] was on his way to work when the shooting happened. – He'd not yet made it to the police station to pick up his camera." Exhibit 3, Report of News Story by KUTV News, Salt Lake City, Utah.

**d.     D.A. Sim Gill's Investigation & the 5th Amendment.**     As is customary, another agency always investigates officer-involved shootings, sometimes referred to as an "Officer Involved Critical Incident" or OICI, which describes the Zane James shooting. On October 8, 2018, nearly 6 months after the shooting, District Attorney Sim Gill issued his OICI report. See Exhibit 4. Gill reported that his investigators followed OICI protocol in obtaining evidence including video footage of the scene. Gill's report states the following under the bold heading of "Physical Evidence":

> ***Officer Davies was <u>not wearing a body-worn camera</u> during the OICI.*** Protocol ***investigators determined that <u>no video recording of the OICI exists</u>*** as far as they know at this time.   Protocol investigators obtained and reviewed the recordings from CHPD Officers Harris' body-worn camera. Officer Harris' body-worn camera recorded Officer Kawa asking Officer Davies: "Where's the gun at?" to which Officer Davies replied: "He kept reaching with his left hand up in that front area." The body-worn camera also recorded Officer Betenson saying: "He was reaching in the front."

Exhibit 4, p. 10 (emphasis and <u>double</u> emphasis added). Other <u>post</u>-shooting "body-worn" camera recordings were provided.   But video[s] of the actual shooting were withheld.

Defendant Casey Davies refused to give a statement under oath to Mr. Gill, "as is his constitutional right." Exhibit 4, p. 6.

**3.     Plaintiffs' Reliance on "No Body Cam."**     Plaintiffs' Complaint was filed on May 16, 2019. See Doc. 2. Plaintiffs relied on the fact that there allegedly was no body camera *footage of the actual shooting* ("no video recording of the OICI exists"). The Complaint states, "Davies was not wearing a lapel camera, as CHPD policy required." Doc. 2, ¶57. The Complaint further states that Officer Betenson was "not wearing his lapel

4

camera, or had it turned off." Doc. 2, ¶58. Plaintiffs further relied on the report of Sim Gill of October 8, 2018 (Exhibit 4), which referenced Davies' and Betenson's body cameras as "not on during the chase and shooting." Doc. 2, ¶103. Plaintiffs' Complaint affirmed that "Officers Davies and Betenson did not have body or dash cam on at the time of the shooting, despite having policy for this procedure." Doc. 2, ¶105. In a nutshell, Plaintiffs repeatedly relied on the CHPD representations to the Jameses and to D.A. Gill that neither Davies nor Betenson had a body or dash cam recording of the shooting.

    **4.** **D.A. Sim Gills' Reliance on "No Body Camera."** We have quoted the paragraph above from District Attorney Sim Gill's report indicating that there was no body cam video of the shooting available. His investigators would have gathered all the information available to present to Mr. Gill before that report was written, so obviously video footage of the shooting was withheld from District Attorney Gill.

    **5.** **Defendants Rely on False Statements Re: No Body Camera.** Defendants filed their MTD (Doc. 9) on June 18, 2019, just about a month exactly after the Complaint was filed. On pps. 1-2 of that Motion, Defendants noted:

> The ***Salt Lake District Attorney's Office investigated*** the shooting, but declined to file criminal charges against Cottonwood Heights Police Officer Casey Davies ***on the basis he could likely show he feared he was in imminent danger of serious bodily injury or death*** at the time of the shooting.

Emphasis added. This particular statement references the Complaint, Doc. 2, ¶¶97-103, which refers to the lack of body camera footage of the shooting. Of course, an actual video of the shooting, to a high degree of certainty, would substantiate or disprove whether

5

Defendant Davies had a reasonable fear that "he was in imminent danger of serious bodily injury or death," as Defendants' Motion to Dismiss claims.

As additional reasons for the dismissal, Defendants' MTD Memorandum notes that Davies and Betenson "both claimed that James's hands appeared to reach for something toward the front of his body while he was running." Doc. 9, p. 4. Body camera footage of the shooting could easily have disproven these Defense claims. In other words, the Defense attempts from the outset to prevail by *relying on lack of body camera footage* of the actual shooting, which obviously influenced District Attorney Sim Gill in finding that the shooting was legal.

      **6.** **Plaintiffs Relied on False Representations About No Body Camera.** Plaintiffs likewise relied upon Defense representations of lack of a body camera. Plaintiffs' Complaint recites, "Neither officer had an active lapel camera at the time of the shooting. Doc. 2, ¶¶57-58." Plaintiffs' Opposition to Defendants' MTD, p. 4, ¶10. Plaintiffs' Argument further notes that "Betenson was not wearing a body camera on the scene." Doc. 16, p. 26.

      **7.** **Defense Counsel's Role.** We want to make it clear that we are not alleging that Defense counsel knew or affirmatively participated in the misrepresentations alleged herein. We believe Defense counsel was probably unaware of the misrepresentations.

      **8.** **Recent Facts Indicating the Existence of a Video of the Shooting.** Tiffany James, mother of Zane James and a Plaintiff herein, has had multiple conversations

with reliable individuals who are part of Cottonwood Heights government. Exhibit 2. These individuals have told Tiffany that there is indeed a video of the *actual shooting*, as opposed to just *post shooting* video. Apparently, the shooting video was shown in 201<u>8</u> to the entire Cottonwood Heights City leadership and to others. If these facts are true, and we sincerely believe that they are, that would mean that the Defendant and other CHPD officers and leadership, together with the City Attorney, the entire City Council, and possibly others, were all aware in 201<u>8</u> of a video of the actual shooting.

## ARGUMENT

### I.  STRIKE OR SUMMARILY DENY THE MTD & ENTER JUDGMENT IN FAVOR OF PLAINTFF

Tremendous prejudice has been introduced by Defendants' deliberate withholding of video evidence from Plaintiffs, the D.A. and this Court. Plaintiffs obviously have not seen the video. But the only reason Defendants would withhold such evidence is because it is harmful to their defense. The taint of this willful omission is threaded through the fabric of this case. There is no legal mechanism or remedy that could equitably cure the damage caused by Defendants' actions other than striking or summarily denying Defendants' MTD, followed by the entry of a default judgment on liability.

Plaintiffs, Defendants, D.A. Sim Gill, and this Court have all been operating under the false premise that no video evidence of the actual shooting exists. The recent facts suggest Defendants' deliberate withholding or hiding of this evidence. A video of the

shooting would likely confirm Plaintiffs' version of the facts and would fundamentally change the case.

It has been long established that a video of the events is the best evidence of the facts. *Scott v. Harris,* 550 U.S. 372 (2007). "When opposing parties tell two different stories, one of which ***is blatantly contradicted*** by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380.

The video undoubtedly shows that Zane was the victim of illegal deadly force. Why else would Defendants have hidden it? Under *Scott v. Harris,* Defendants could never argue contrary to the video in either an MTD or in a summary judgment motion. "Respondent's version of events is so utterly discredited by the [video] record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such ***visible fiction***; ***it should have viewed the facts in the light depicted by the videotape***." *Scott,* 550 U.S. at 380-381 (emphasis and bracketed word added).

Judge Campbell in the District of Utah has noted "If a videotape of the incident is in the record, anything depicted in the video that contradicts and makes unbelievable the [party's] characterization of the incident overrides the conflicting testimony." *Harper v. Rose,* 2012 WL 1150463 *4 (D. Utah 2012) (bracketed word added; citing *Scott v. Harris*, 550 U.S. at 380).

In this case, the video of the shooting will establish the facts beyond any reasonable dispute. It is therefore important for Plaintiffs to see the video of the shooting before responding to any MTD.

In the interest of justice this Court should strike or summarily deny Defendants' MTD because Defendants have willfully withheld evidence from Plaintiff and from the Court. Their actions demand that the Court rectify this injustice. Denying Defendants' MTD is appropriate and proportional when compared to their grievous acts and misrepresentations to Plaintiffs and to this Court.

Entering a default judgment on liability is also an appropriate remedy in this case. Where a Defendant deliberately withholds and/or misrepresents the circumstances of Zane's wrongful death, the wrong can only be cured by rendering a default judgment on liability and by allowing this case to go forward only as to Plaintiffs' damages. The James family deserves to have a chance to show how Zane's killing at the hands of CHPD has forever altered their lives. They must live with that loss every day. Courts have allowed judgments on liability as a sanction for deliberate misconduct by a Defendant and for failing to follow court rules or any order of the court. *See Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992); *Salba Corp., N.A. v. X Factor Holding, LLC,* 2015 WL 3635742; *Gripe v. City of Enid, Okl.,* 312 F.3d 1184 (10th Cir. 2002); *Lee v. Max Intern., LLC*, 638 F.3d 1318 (10th Cir. 2011). It is altogether fitting that this court consider this as the best remedy to move forward and thus should strike or summarily deny the MTD and enter a judgment on liability in favor of Plaintiffs.

## II.   STAY

Defendants' Motion to Dismiss was argued before the Court prior to the pandemic, on October 15, 2019. No Decision has been entered as of this writing. Because of the nature of the material presented in this Memorandum, Plaintiffs sincerely request that the Court stay any further consideration of that Motion until the underlying facts are investigated and determined. We believe that the Defendants have caused or contributed to a serious spoliation of evidence, like unto a fraud on the Court, as well as a fraud on the Plaintiffs by withholding crucial information that could easily be determinative of the MTD in this case. For a host of reasons, largely because the video was not produced, it appears that the video would likely prove that Defendant Davies used illegal deadly force by shooting Zane James in the back when there was no immediate danger to himself or others, because Zane James had no weapon in his hands.

It is evident that Plaintiffs could and would have pleaded the case differently, i.e. that there was a video of the shooting which showed that shooting Zane in the back did not comply with the law. We would likely have attached the video. Furthermore, Defendants probably could not have filed a Motion to Dismiss in good faith because they would have to have conceded that the shooting was illegal.

## III.   ALTERNATIVE RELIEF

In the alternative, if the Court is reluctant to strike or summarily deny the MTD and enter a default judgment at this point, Plaintiffs request the following relief:

1.   Stay any action on the MTD *until limited discovery has occurred*.

  2. Allow Plaintiffs to take depositions under oath of the Mayor of Cottonwood Heights, Police Chief Robby Russo, Lieutenant Dan Bartlett, City Manager Tim Tingey, former City Manager John Park, City Attorney Shane Topham, Defendant Casey Davies, Bryan Betenson (now a former CHPD officer) and each of the four members of the City Council.

  These depositions would be no more than one hour each and limited to whether there exists a video of the shooting, when that information became known to the deponent, and any efforts to intimidate the deponent, or cause a cover up of the video.

  3. The Court should also order the immediate production of any and all videos of the shooting be provided to Plaintiffs' counsel, Robert B. Sykes at Sykes McAllister Law Offices.

  Should the Court choose this option, Plaintiffs' counsel can determine for the Court the existence of the desired videotapes and who was involved in covering up that evidence or causing it not to be produced.

## **CONCLUSION**

  Plaintiffs have not seen the video[s]. But based on good faith representations to Plaintiffs, Plaintiffs ask that the Court consider this new evidence and take immediate action. Plaintiffs are not filing this motion to cause any undue burden or delay but are filing this motion because they believe they have ethical and legal obligations of candor to this Court. The duty of candor demands that this information be brought forward. The sources of this information are credible. The allegations contained within this pleading are made in

good faith and it is Plaintiffs' intention that the Court see them this way. The allegations in this Motion are not meant to sensationalize or dramatize the sordid facts that they contain. Plaintiffs present this motion strictly out of a duty to always conduct themselves with candor to the Court.

## **PRAYER FOR RELIEF**

Plaintiffs pray that in light of the evidence presented in this Motion, this court will:

1. For an Order granting Plaintiffs' Motion to Strike or Summarily Deny Defendants' Motion to Dismiss and Entering a Default Judgement on Liability against Defendants.

2. In the alternative, for an Order staying the MTD and compelling production of the videos.

3. In the alternative, for an Order granting limited discovery, including an Order compelling immediate production of the video[s] of the shooting, and allowing limited depositions.

DATED this 11th day of August, 2020.

SYKES MCALLISTER LAW OFFICES, PLLC

 /s/ Robert B. Sykes
ROBERT B. SYKES
*Attorney for Plaintiffs*