HEATHER S. WHITE (7674)
DANI N. CEPERNICH (14051)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
Fax No.: (801) 363-0400
hsw@scmlaw.com
dnc@scmlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AARON JAMES and TIFFANY JAMES, Heirs and Proposed Personal Representatives of the Estate of Zane James,<br><br>Plaintiffs,<br><br>vs.<br><br>CASEY DAVIES, and COTTONWOOD HEIGHTS;<br><br>Defendants. | **OPPOSITION TO MOTION TO STRIKE OR SUMMARILY DENY DEFENDANTS' MOTION TO DISMISS AND TO ENTER A DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF ON LIABILITY, OR IN THE ALTERNATIVE, TO STAY AND COMPEL EVIDENCE (DKT. NO. 26)**<br><br>Case No. 2:19CV341 HCN DBP<br><br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Defendants Casey Davies and Cottonwood Heights submit this opposition to Plaintiffs Aaron and Tiffany James' Motion to Strike or Summarily Deny Defendants' Motion to Dismiss and to Enter a Default Judgment in Favor of Plaintiff on Liability, or in the Alternative, to Stay and Compel Evidence (Dkt. No. 26).

The Jameses' motion should be denied. The foundational premise of that motion—that Cottonwood Heights has wrongfully withheld and falsely denied the existence of video footage of the shooting of Zane James—is not only lacking evidentiary support but is ultimately inaccurate. No video of the actual shooting of Zane James exists. The Cottonwood Heights Defendants additionally note there does not appear to be any authority for the extraordinary remedy the Jameses seek through their motion: default judgment on the issue of liability at almost the inception of this case where there has been no finding of any spoliation of evidence, let alone intentional spoliation of evidence.

## RESPONSE AND OBJECTION TO STATEMENT OF FACTS

    5.  <u>Defendants Rely on False Statements Re: No Body Camera.</u>

Defendants filed their MTD (Doc. 9) on June 18, 2019, just about a month exactly after the Complaint was filed. On pps. 1-2 of that Motion, Defendants noted:

> The ***Salt Lake District Attorney's Office investigated*** the shooting, but declined to file criminal charges against Cottonwood Heights Police Officer Casey Davies ***on the basis he could likely show he feared he was in imminent danger of serious bodily injury or death*** at the time of the shooting.

Emphasis added. This particular statement references the Complaint, Doc. 2, ¶¶97-103, which refers to the lack of body camera footage of the shooting. Of course, an actual video of the shooting, to a high degree of certainty, would substantiate or disprove whether Defendant Davies had a reasonable fear that "he was in imminent danger of serious bodily injury or death," as Defendants' Motion to Dismiss claims.

    As additional reasons for the dismissal, Defendants' MTD Memorandum notes that Davies and Betenson "both claimed that James's hands appeared to reach for something toward the front of his body while he was running." Doc. 9, p. 4. Body camera footage of the shooting could easily have disproven these Defense claims. In other words, the Defense attempts from the outset to prevail by relying on lack of body camera footage of the actual shooting, which obviously influenced District Attorney Sim Gill in finding that the shooting was legal.

    **Objection:** The "facts" set out in paragraph 6 are largely arguments and conclusions rather than true facts. As discussed below, the assertion that there have been "false statements

2

re: no body camera" lacks evidentiary support and is inaccurate. And, the assertion that "[b]ody camera footage of the shooting could easily have disproven these Defense claims" is pure speculation. It is equally true, if not more likely, that the footage would have *confirmed* the Officers' accounts of the incident. To assert otherwise with no basis or reasoning necessarily implies that all officers who provided statements lied—a serious accusation that one would hope would not be made lightly and certainly not impliedly.

**Response:** The Jameses appear to misconstrue the basis of the Cottonwood Heights Defendants' motion to dismiss. That motion accepted *as true* the allegations of *the Jameses'* complaint, as it must, and argued that under those facts their claims fail. The motion does not argue that the Salt Lake District Attorney's findings or conclusions are determinative or binding. Nor does it "attempt to prevail by relying on lack of body camera footage"; there just simply is no body camera footage of the actual shooting. It is the sufficiency of *the Jameses'* allegations that Defendants challenged via their motion. There has been no change to those allegations.

        8. <u>Recent Facts Indicating the Existence of a Video of the Shooting</u>.

Tiffany James, mother of Zane James and a Plaintiff herein, has had multiple conversations with reliable individuals who are part of Cottonwood Heights government. Exhibit 2. These individuals have told Tiffany that there is indeed a video of the *actual shooting*, as opposed to just *post shooting* video. Apparently, the shooting video was shown in 201<u>8</u> to the entire Cottonwood Heights City leadership and to others. If these facts are true, and we sincerely believe that they are, that would mean that the Defendant and other CHPD officers and leadership, together with the City Attorney, the entire City Council, and possibly others, were all aware in 201<u>8</u> of a video of the actual shooting.

**Objection:** The Jameses' allegations in paragraph 8 are not supported by admissible evidence.

As an initial matter, Ms. James's declaration, which (although not specifically cited) appears to be the basis for these allegations, does not actually provide the requisite support. Her declaration states:

> On and around August 4, 2020, it was reported to me in multiple conversations with reliable individuals who are part of Cottonwood Heights government that, contrary to what I had been told, Cottonwood Heights was indeed in possession of camera footage of Zane's actual shooting by Officer Davies. These sources explained to me that they had seen the video and knew of multiple Cottonwood Heights personnel who had also seen the video.

Her declaration says nothing of the video being "shown in 2018 to the entire Cottonwood Heights City leadership and to others."

In addition, Ms. James's statement about what she was told constitutes inadmissible hearsay. *See* Fed. R. Evid. 801, 802. The Cottonwood Heights Defendants recognize that Rule 801 excludes from the definition of hearsay a statement "offered against an opposing party" that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). But, "[f]or a statement to be admissible under Rule 801(d)(2)(D), *the offering party* must make a three-part showing." *Boren v. Sable*, 887 F.2d 1032, 1038 (10th Cir. 1989) (emphasis added). The offering party must establish (1) "the existence of the employment relationship independent of the declarant's statement offered as evidence"; (2) that the statement was "made during the existence of the declarant's 'agency or employment'"; and (3) that the statement "concern[s] a matter within the scope of declarant's employment." *Id.*

Ms. James's declaration does not include information to lay the requisite foundation. Indeed, it does not even specifically identify the individuals who allegedly made the statements about the existence of the video, making it difficult to respond to the allegation. *See Fester v.*

4

*Farmer Bros. Co.*, 49 F. App'x 785, 797 (10th Cir. 2002) ("While it is not essential that the employee's name be ascertained before his statement is admitted against his employer, the employer should be given information reasonably definite for identification both in order that his authority may be tested and that his hearsay statement, if introduced, may be rebutted." (quotation marks omitted)).

**Response:** The Cottonwood Heights Defendants dispute that any video footage of the shooting of Zane exists. As set out in the declarations attached hereto as Exhibits 1 – 13, none of the following have seen any video footage of the shooting of Zane: Chief Robby Russo; Lieutenant Dan Bartlett; Officer Casey Davies; Officer Bryan Betenson; Mayor Michael Peterson; current City Manager Tim Tingey; former City Manager John Park; current City Council Members Doug Peterson, Scott Bracken, and Christine Mikell; former City Council Member Michael Shelton; City Attorney Shane Topham; and Paula Melgar, Cottonwood Heights City Recorder and records officer.

Officers Davies and Betenson have confirmed they were not wearing a body camera at the time. (Davies Decl. ¶ 3, Ex. 3; Betenson Decl. ¶ 3, Ex. 4.) And, still shots captured from the publically-available video footage following the shooting confirms that Officer Davies did not have a body camera on immediately following the shooting:





Larger versions of the still shots are attached as Exhibit 14.

Each of the above-listed individuals further denies having told Ms. James that a video of the actual shooting exists. Several have never even spoken directly with Ms. James. City Council Member Christine Mikell explained that she had previously (July 28) mentioned to Ms. James having seen footage of the "incident" or the "shooting incident," but was referring to the video footage following the shooting; she has never seen footage of the actual shooting. (Mikell Decl. ¶¶ 6, 8, Ex. 10.) It is possible Ms. James misunderstood Council Member Mikell's statement. Regardless, in light of the above-listed individuals' declaration testimony that they never told Ms. James different video footage of the actual shooting exists, Ms. James's statement that she was told this in "multiple conversations with reliable individuals who are part of Cottonwood Heights government" is disputed.

The Cottonwood Heights Defendants note that one City Council Member, Tali Bruce, believes she saw video footage of the actual shooting of Zane James during a closed session of a City Council meeting.[1] However, Council Member Bruce declined to provide a declaration regarding this subject. Moreover, the Cottonwood Heights Defendants understand that Ms. Bruce does not have any information about the source of that video and is unable to explain why none of the three other City Council Members, the City Manager, the Mayor, the City Attorney, and the City Recorder, who all would have been in attendance at the closed session, recall seeing the alleged video. The Cottonwood Heights Defendants are unaware of what, if anything, Council Member Bruce may have said to Ms. James.

---

[1] The Cottonwood Heights Defendants recognize that this proffer is not supported by admissible evidence. They felt it was important, however, to provide a complete picture of their understanding to the Court.

In light of Officer Davies' and Officer Betenson's confirmation that neither was wearing a body camera at the time of the incident, which is corroborated by later video footage; Chief Russo's and Lieutenant Bartlett's declarations that they are unaware of any additional video footage; and the declarations from all but one of the current and past City Council Members, the Mayor, the past and current City Managers, the City Attorney, and the City Recorder that none has seen or is aware of any additional video footage, Cottonwood Heights remains confident that there is no video footage of the actual shooting of Zane.

## ARGUMENT

## THE JAMESES' MOTION SHOULD BE DENIED.

**A. The foundational premise for the Jameses' motion—that video footage of the shooting of Zane exists and has been wrongfully withheld—lacks evidentiary support and is inaccurate.**

The Jameses' motion turns on their assertion that video footage of the shooting of Zane exists and has been wrongfully withheld. Not only have they failed to offer any admissible evidence to support this assertion, *see* Objection to ¶ 8, but it is inaccurate. Officers Davies and Betenson have confirmed they were not wearing body cameras at the time of the incident. (Davies Decl. ¶ 3, Ex. 3; Betenson Decl. ¶ 3, Ex. 4.) The video footage following the shooting confirms Officer Davies was not wearing a body camera immediately following the shooting. (Still Images, Ex. 14.) Officers Davies and Betenson, along with the Chief of Police and Lieutenant Bennett, the Mayor, the current and former City Managers, all current and former City Council Members who are now in office or were in office in 2018 except for one, the long-time City Attorney, and the City's Recorder and records officer have confirmed they have never seen video footage of the shooting of Zane.

8

Because the foundational premise of the Jameses' motion is unfounded, the motion should be denied in its entirety.

While counsel for the Jameses has indicated they are "filing this motion because they believe they have ethical and legal obligations of candor to this Court" that "demands this information be brought forward" (Mot. [Dkt. No. 26] at 11), the Cottonwood Heights Defendants question whether the pending motion was the appropriate method to do so since it publicly accuses many honorable people of lying, fraud and conspiracy based only on second-hand information and with no evidence of what they claim.

The Jameses have indicated the allegations in the motion are "not meant to sensationalize or dramatize the sordid facts that they contain."[2] (*Id.* at 12.) And, yet, rather than raise the question of whether an additional video exists and seek the opportunity to further investigate, the motion—filed without any prior inquiry to or discussion with counsel for the Cottonwood Heights Defendants—levies serious accusations and does so in sensationalized terms: "Defendants have perpetrated an intentional spoliation of evidence, like unto fraud on the Court"; "The withholding or concealing a video . . . is like unto fraud on the Court as well as fraud on the District Attorney"; "The taint of this willful omission is threaded through the fabric of this case"; "Denying Defendants' MTD is appropriate and proportional when compared to their grievous acts and misrepresentations to Plaintiffs and to this Court." Indeed, the Jameses have gone so far as to speculate about what the (non-existent) video would show: "the only reason Defendants would withhold such evidence is because it is harmful to their defense"; "This

---

[2] Unsurprisingly, the Jameses' motion has now been the subject of substantial media attention. *See, e.g.*, https://www.deseret.com/utah/2020/8/13/21366698/family-of-man-killed-by-police-claims-bodycam-video-exists-but-was-kept-secret; https://kslnewsradio.com/1931249/family-of-zane-james-wants-body-camera-footage-of-his-death-turned-over/.

9

video undoubtedly shows that Zane was the victim of illegal deadly force. Why else would Defendants have hidden it?"; "it appears that the video would likely prove that Defendant Davies used illegal deadly force by shooting Zane James in the back when there was no immediate danger to himself or others because Zane James had no weapon in his hands"; "Defendants probably could not have filed a Motion to Dismiss in good faith because they would have to have conceded that the shooting was illegal" based on the (non-existent) video. And, asserting as established fact that a video existed, would have contradicted past statements from officers, and was intentionally destroyed, the Jameses have argued "default judgment on liability" is not only an appropriate remedy but mandated under the circumstances.

**B. To the extent the Court believes additional consideration of this issue is warranted, an evidentiary hearing is the more appropriate procedure.**

The Cottonwood Heights Defendants have provided sworn declarations from all but one of the individuals who would have been likely to review any video footage from the shooting of Zane, including the two officers whose body cameras (if they had been worn at the time) would have likely produced such footage. This includes all of the individuals the Jameses have identified as potential deponents, except for Council Member Bruce. In light of these sworn declarations, the Cottonwood Heights Defendants do not believe additional discovery into the matter is warranted at this juncture. To the extent the Court believes additional investigation of the issue is necessary, the Cottonwood Heights Defendants respectfully suggest that an evidentiary hearing limited to the narrow issue of the existence or non-existence of the video footage would be the more appropriate and efficient approach. An evidentiary hearing would afford the Court the opportunity to evaluate the credibility of witnesses and question them if necessary; something depositions will not allow.

In the event the Court determines to hold an evidentiary hearing, the Cottonwood Heights Defendants anticipate calling Ms. James as a witness to question her about the conversations described (in general terms) in her declaration. In the event the Court determines allowing for limited depositions would be more appropriate, the Cottonwood Heights Defendants request any such order indicate they are allowed to cross-examine the witnesses and that they are allowed to conduct a similar deposition of Ms. James.

### C. The Jameses have not offered any authority supporting the extraordinary remedy they seek through their motion.

Given that no video footage of the shooting of Zane exists, such that nothing has been wrongfully withheld or spoliated, it is not necessary to respond to the Jameses' arguments as to the appropriate remedy. The Cottonwood Heights Defendants note, however, that the Jameses have not offered any authority supporting that a default judgment on the issue of liability would be the appropriate remedy.

As the Court is aware, this case is still in its infancy. No discovery has yet been conducted; the parties have not even exchanged initial disclosures. Accordingly, there could be no discovery violation. It appears the Jameses instead maintain that an alleged failure to produce all documents requested through Utah's Government Records Access and Management Act—a failure that did not happen here—warrants entry of default judgment in civil case in which the documents may be used. GRAMA contains no such remedy. Rather, it establishes an appeals process that includes the possible award of attorney fees. *See* Utah Code §§ 63G-2-400.5 through -406, -802.

And, while the Court certainly has the authority to impose sanctions for spoliation of evidence, the Jameses made no effort to establish—through evidence rather than speculative

arguments and conclusions—that spoliation has occurred or that any such spoliation occurred with the requisite degree of culpability.  See *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015) ("The entry of default judgment or the imposition of adverse inferences require a showing of bad faith.  Mere negligence in losing or destroying evidence is not enough to support imposition of either of these harsh sanctions." (quotation marks and citations omitted)).  Indeed, the Jameses appear to recognize that they are presently unaware of whether, assuming the video *had* existed, it continues to exist and merely has not been produced or if it has since been lost or destroyed.  (*See* Mot. [Dkt. No. 26] at 10-11 (requesting as alternate relief "immediate production of any and all videos of the shooting be provided to Plaintiffs' counsel").)  At best, the Jameses' motion is premature.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Jameses' motion.  The Cottonwood Heights Defendants respectfully request that any further investigation into the existence or non-existence of video footage of the shooting of Zane James occur through an evidentiary hearing.

DATED this 24th day of August, 2020.

SNOW CHRISTENSEN & MARTINEAU

*/s/  Dani N. Cepernich*
Heather S. White
Dani N. Cepernich
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2020, I electronically filed the foregoing **OPPOSITION TO MOTION TO STRIKE OR SUMMARILY DENY DEFENDANTS' MOTION TO DISMISS AND TO ENTER A DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF ON LIABILITY, OR IN THE ALTERNATIVE, TO STAY AND COMPEL EVIDENCE (DKT. NO. 26)** with the Clerk of the Court using the CM/ECF System:

Robert B. Sykes
C. Peter Sorensen
Christina D. Isom
SYKES MCALLISTER LAW OFFICES, PLLC
311 S. State Street, Suite 240
Salt Lake City, Utah 84111
bob@sykesmcallisterlaw.com
pete@sykesmcallisterlaw.com
christina@sykesmcallisterlaw.com
         *Attorneys for Plaintiff*

                                         */s/ Shelly Deal*