UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| AARON JAMES and TIFFANY JAMES, Heirs and Proposed Personal Representatives of the Estate of Zane James, <br><br> Plaintiffs, <br><br> vs. <br><br> CASEY DAVIES, and COTTONWOOD HEIGHTS; <br><br> Defendants. | **DECLARATION OF PAULA MELGAR** <br><br> Case No. 2:19CV341 HCN DBP <br><br> Judge Howard C. Nielson, Jr. <br> Magistrate Judge Dustin B. Pead |
|---|---|

PAULA MELGAR declares as follows:

1. I am over the age of eighteen and have personal knowledge of the following.

2. I have been the Cottonwood Heights City Recorder since 2016 and, in that capacity, also am the City's records officer for purposes of the Government Records Access and Management Act.

3. I have reviewed the City's records and gathered all minutes of City Council meetings held between May 29, 2018, and December 31, 2018. Copies of those minutes, which are publically available at https://www.utah.gov/pmn/index.html, are being submitted with this declaration as Exhibit 1.

4. I have reviewed the minutes from that timeframe and identified that the City Council held closed sessions during the following meetings:

    a. May 29, 2018, which included two closed sessions, with one beginning after 12:00 a.m. on May 30, 2018

b. June 12, 2018

c. June 19, 2018

d. July 10, 2018

e. July 31, 2018

f. August 7, 2018

g. August 22, 2018 (special meeting)

h. August 28, 2018

i. August 31, 2018 (special meeting)

j. September 4, 2018 (special meeting)

k. September 11, 2018

l. September 18, 2018

m. September 25, 2018

n. October 9, 2018

o. November 13, 2018

Because minutes of closed sessions are not required by the Utah Open and Public Meetings Act ("OPMA"), there are no formal approved "minutes" of any closed sessions. *See* Utah Code Section 52-4-206(1). As an aid to assure and memorialize that each closed meeting during normally-scheduled meetings of the City Council occurs in accordance with OPMA requirements, however, it is my custom to maintain limited notes during each closed session to record ministerial matters such as identifying those present for the closed session, who moved and seconded the closed session, when the closed session began and ended, the subject or subjects of the closed session, and when the recorder was turned off to discuss an issue for which

no recording is required under OPMA. Copies of those notes for the above meetings are being submitted with this declaration as Exhibits 2 through 7, 9, and 12-16. Because the special meetings consisted entirely of a closed session, the official minutes of those meetings contain the information I would normally keep in my limited notes. The official minutes from those meetings are being submitted as Exhibits 8, 10, and 11. Exhibits 2-16 also include a sworn statement for each closed session identifying the purpose or purposes of the closed session as required by Utah Code Section 52-4-206(6)(a).

5.  Of the above closed sessions, the City made a recording of all or a portion of the following closed sessions:

   a. May 29, 2018 (for the portion that began after 12:00 a.m. on May 30)
   b. July 10, 2018
   c. July 31, 2018
   d. September 11, 2018
   e. October 9, 2018

I have provided the recordings from those closed sessions to Shane Topham, City Attorney, and our lawyers in this case, Heather White and Dani Cepernich, to be provided to the Court for review.

6.  I had also recorded the portion of the September 18 and 25, 2018, closed sessions involving a discussion of property acquisition, and the notes from those meetings include a "bookmark" for the audio file. However, due to a technical malfunction of the recording system, no audio files were created. This is reflected in Exhibits 10 and 11.

3

7. Under Utah Code Section 52-4-206, the City is not required to and does not keep recordings of closed sessions that are closed "exclusively for the purposes described under Subsection 54-4-205(1)(a), (1)(f), or (2)." The cited subsections of -205(1) are (a) "discussion of the character, professional competence, or physical or mental health of an individual" with three exceptions dealing with filling vacancies and (f) "discussion regarding deployment of security personnel, devices, or systems." Subsection -205(2) covers meetings of other entities that do not apply to the City Council meetings.

8. Of the closed sessions listed above in paragraph 4, the following involved only a discussion of the character, professional competence, or physical or mental health of an individual, such that there is no recording of the closed session:

   a. June 12, 2018

   b. June 19, 2018

   c. August 22, 2018 (special meeting)

   d. August 28, 2018

   e. August 31, 2018 (special meeting)

   f. September 4, 2018 (special meeting)

   g. November 13, 2018

For these meetings, the only record of the closed session are the informal notes and sworn statement discussed in paragraph 4.

9. The City keeps official minutes of all open sessions of City Council meetings as required by OPMA. The City does not keep official minutes of the substance of closed sessions of City Council meetings because under Utah Code Section 52-4-206(1)(b) doing so is optional,

not required: "the public body . . . may keep detailed written minutes that disclose the content of the closed portion of the meeting."

10. The City keeps complete recordings of all open sessions of the City Council as required by the OPMA. The City also keeps complete recordings of all closed sessions of the City Council except those closed sessions for which recordings are not required under the OPMA, as explained in paragraph 6.

I declare under criminal penalty under the law of Utah that the foregoing is true and correct.

DATED this 1st day of September, 2020, in Salt Lake County, Utah.

_____
Paula Melgar