JEFFREY C. JENSEN (Bar No. 16073)
**NELSON JONES, PLLC**
8941 South 700 East, Suite 203
Sandy, Utah 84070
Tel.: (801) 981-8779
Fax: (801) 505-0360
Email: jeff@nelsonjoneslegal.com

*Attorney for Defendant Casey Davies*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| AARON JAMES and TIFFANY JAMES, Heirs and Proposed Personal Representatives of the Estate of Zane James, <br><br> Plaintiffs, <br><br> vs. <br><br> CASEY DAVIES and COTTONWOOD HEIGHTS, <br><br> Defendants | **MEMORANDUM ON USE OF GARRITY DERIVED STATEMENTS** <br><br><br> Case No. 2:19CV341 HCN DBP <br><br> Judge Howard C. Nielson, Jr. <br> Magistrate Judge Dustin B. Pead |

COMES NOW, Defendant, CASEY DAVIES ("Officer Davies"), by and through NELSON JONES, PLLC, and undersigned counsel, and hereby provides the following memorandum on use and disclosure of *Garrity* derived statements in the above-captioned matter; whereby arguing that Officer Davies' *Garrity* derived statements should not be used or disclosed:

## **ARGUMENT**

### **PROTECTION**

On June 18, 2018, under the protection of *Garrity*, Officer Davies provided a statement

("Davies' Statement") to his employer, Cottonwood Heights Police Department. Davies' Statement was made as part of Cottonwood Heights Internal Affairs Investigation into the death of Zane James.

Davies' Statement finds ". . . protection of the individual under the Fourteenth Amendment against coerced statements prohibited **use** in subsequent criminal proceedings of statements obtained under threat of removal from office. . ..The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances." [emphasis added, cleaned up] *Garrity v. State of N.J.*, 385 U.S. 493, 499–500 (1967).

Officer Davies' is innocent of any wrongdoing, unless and until proven otherwise. Therefore, Officer Davies' constitutional right against the use of Davies' Statement must be preserved where, "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States" *U.S. Const. amend. XIV* incorporating "[n]o person shall be compelled in any criminal case to be a witness against himself" *U.S. Const. amend. V*. The constituational protections afforded Officer Davies' Statement must be protected and cannot be drowned out by lesser interests.

## CRIMINAL v. CIVIL PROCEEDING

There is no question that *Garrity* prohibits use of statements in criminal proceedings and that this is a civl case. However, ". . .**since the test** [relative to the Fifth Amendment privilege against compelled self-incrimination protection] **is whether the testimony might later subject the witness to criminal prosecution, the privilege is available to a witness in a civil proceeding**. . .." (emphasis added, cleaned up) *Lefkowitz v. Cunningham*, 431 U.S. 801, 804–05 (1977). "The privilege must be sustained if it is not perfectly clear that the witness's answers

cannot possibly have a tendency to incriminate." *United States v. D'Apice*, 664 F.2d 75, 77 (5th Cir. 1981). (cleaned up)  Thus, it is well-established that *Garrity* statements can, and should, be protected in the civil context.  Additionally, where the Court in *Garrity* was limited to addressing the privilege against the use of coerced statements in the **criminal context**, the Court's use of "subsequent criminal proceedings" should not be narrowly read.  Support for this argument is found in the "ambiguous circumstance" articulated in the *Garrity* holding which are broad enough to encompass protection of the individual under the Fourteenth Amendment against coerced statements being use in a subsequent **civil** proceedings.

### DISCLOSURE vs USE

As with any privilege, disclosure of privileged information is subject to argument to quash the use and derivative use of that information.  As articulated in *Stover*, another criminal case, "the Constitution is violated only when the compelled statement, or the fruit of that statement, is **used** against the officer in a subsequent criminal [or civil as argued above] proceeding." *In Grand Jury Subpoenas Dated Dec. 7 and 8, Issued to Bob Stover, Chief of Albuquerque Police Department v. U.S.*, 40 F.3d 1096 (10th Cir. 1994).  Although Davies' Statement was disclosed to Plaintiff's counsel, it is the use of that Statement which would violate the constitution.

Exceptions to the privilege for use of Garrity derived statements exist, but only in limited circumstances, such as for "prosecution for perjury, giving a false statement, or otherwise failing to comply with the order" see *Kastigar v. United States*, 406 U.S. 441, 449, 92 S. Ct. 1653, 1658, 32 L. Ed. 2d 212 (1972). Use is also narrowly authorized before grand juries and when immunity statutes such as 18 U.S.C. sections 6002 and 6003 are utilized.  None of these exceptions apply

here, and the statement must remain sacrosanct. Although Plaintiff's counsel has alleged inconsistencies between Davies' Statement and affidavits Officer Davies' submitted as part of the above-captioned matter, Plaintiff's self-serving allegations fall well short of establishing perjury or false statements, especially where Officer Davies has provided subsequent clarification.

It was the utilization of the foregoing immunity statutes, as well as the restricted environment of a grand jury that provides the protection for disclosure and use of Garrity derived statements. Where there is no Attorney General or a designated officer of the Department of Justice in the case-at-bar to request a grant of immunity for Officer Davies' Garrity derived statements, the case-at-bar is not before a grand jury, nor has a Garrity review procedure been undertaken, protection and procedural safeguards for Davies' Statement are lacking, thus, Davies' Statement should not be further disclosed nor used.

Not all Circuits agree that a grand jury issues subpoena overrides *Garrity* protection. *In re Grand Jury, John Doe* No. G.J.2005-2, 478 F.3d 581, 587 (4th Cir. 2007), the Court, "affirm[ed] a decision to quash a federal grand jury subpoena issued to a city police department [seeking Garrity derived statements]. . . the district court took the City's two interests -- in preserving confidentiality and forestalling possible self-incrimination problems -- together, and weighed those interests as a whole against those of the United States." *In re Grand Jury, John Doe* No. G.J.2005-2, 478 F.3d 581, 583–84 (4th Cir. 2007). In full disclosure, with this holding it appears the officer at issue had not been subpoenaed and that no immunity statute had been utilized.

With the precautions and limited use/disclosure of the Garrity derived statements that were addressed above, in the event any officers who were the subject of the Garrity derived statement were later indicted, there would have been a clear evidentiary path that could be drawn back to the compelled statements or the fruits of those statements, which would likely result in a successful *Kastigar* hearing for the officer. This is very difference from the avenue Plaintiff's counsel desires here. Instead of the precautions and limited use/disclosure of Davies' Statement, Plaintiff's counsel sought and seeks to throw Davies' Statement to the wind, reading it into the public record parties and non-parties watch, listen and can gain unlimited access to Davies' Statement. This careless action would make it essentially impossible, even for a diligent prosecutor, to draw a line from information that may be used for indictment back to Davies' Statement, thus severely prejudicing Officer Davies' in a *Kastigar* hearing.

**INQUIRIES INTO PRIOR IMMUNIZED STATEMENTS**

Any inquiries into Davies' Statement, will most likely be met with a renewed claim of privilege, which should not lead to an adverse inference against Officer Davies.

On point is the holding of *Pillsbury Co. v. Conboy*, where, (1) Conboy's statements, made as part of a grand jury inquiry, were granted immunity under 18 U.S.C. §§ 6002, 6003, here, Davies' Statement, gleaned under the privilege of *Garrity* is analogous to the immunity in *Pillsbury*; (2) Conboy, as part of Pillsburry Co.'s civil suit was depositioned and asked questions that repeated verbatim or closely tracked his prior immunized testimony, here, during the November 18, 2020 hearing, Plaintiff's counsel attempted to ask questions that repeated verbatim or closely tracked Davies' Statement; (3) Conboy invoked his Fifth Amendment privilege and refused to answer the deposition questions as issue, here, Officer Davies invoked

5

his Fifth Amendment privilege and refused to answer the November 18, 2020 hearing questions at issue; (4) in Conboy,

> The Supreme Court, Justice Powell held that a deponent's civil deposition testimony, repeating verbatim or closely tracking his prior immunized testimony is not, without duly authorized assurance of immunity at the time, immunized testimony within meaning of use immunity statute, and therefore may not be compelled over a valid assertion of the Fifth Amendment privilege.

(internal quotation marks omitted) *Pillsbury Co. v. Conboy*, 459 U.S. 248, 103 S. Ct. 608, 74 L. Ed. 2d 430 (1983).

This Court should make a similar finding and rule that Officer Davies may validly assert his Fifth Amendment privilege relative to any questioning or investigation in this case relative to his protected statement, as occured at the November 18, 2020 hearing.

## NO ADVERSE INFERENCE

In the event inquiries into or related to Davies' Statement are later made, where Officer Davies invokes the Fifth Amendment, Officer Davies asks this Court to make no adverse inference. In *LaSalle Bank Lake View v. Seguban,* the United States Court of Appeals overruled the District Court who granted summary judgment in favor of LaSalle Bank Lake View, based on nothing more than bank teller, Rafael Seguban', invoked fith amendment. There, the Seventh Circuit held,

> The rule that adverse inferences **may** be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals, including our own, in the two decades since Baxter was decided. . .. Although the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them, an analysis of that evidence is nonetheless required. Silence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden.

(emphasis added) *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995). In order for an adverse inference to be permitted . . . the party seeking to draw the inference must have established a prima facie case separate and apart from the adverse inference. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 119 (5th Cir. 1990). We ask this Court adopt the same reasoning of the Fifth and Sevent Circuits but give further weight to the Fifth Amendment's underpinnings of protecting the innocent. With an adverse inference being permissive and subject to an evidentiary analysis, we would ask, when the time comes, that no adverse inference be made against Officer Davies for invoking the Fifth Amendment.

## **CONCLUSION**

Davies' Statement is protected from use, as incorporated by the Fourteenth Amendment, against coerced statements prohibited use, in criminal and civil proceedings, unless sufficient Fifth Amendment protection is provided. No exception applies to Davies' Statements. Without an exception and with no protection being offered relative to the use or subsequent disclosure of Davies' Statement, the Court should not permit Davies' Statement to be used in the above-captioned matter. In order to maintain the privilege associated with Davies' Statement, if subsequent inquiries into Davies' Statement are permitted by this Court and Officer Davies invokes his Fifth Amendment, no adverse inference should be taken.

DATED this 27th day of January 2021.

                                          **NELSON JONES, PLLC**

                                          By: /s/ J.C. Jensen
                                               Jeffrey C. Jensen
                                               *Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2021, a true copy of the foregoing was served by the method indicated below to the following:

| | |
|---|---|
| Robert B. Sykes<br>C. Peter Sorensen<br>Christina D. Isom<br>SYKES MCALLISTER LAW OFFICES, PLLC<br>311 S. State St., Suite 240<br>Salt Lake City, Utah 84111<br>Email: bob@sykesmcallisterlaw.com<br>　　　　pete@sykesmcallisterlaw.com<br>　　　　christina@sykesmcallisterlaw.com<br><br>*Attorneys for Plaintiffs* | (X) CM/ECF System |
| Michael W. Young<br>PARSONS BEHLE & LATIMER<br>201 South Main Street, Suite 1800<br>Salt Lake City, Utah 84111<br>Email: myoung@parsonsbehle.com<br><br>*Attorney for Tali Bruce* | (X) CM/ECF System |
| Heather S. White<br>Dani N. Cepernich<br>Taylor P. Kordsiemon<br>SNOW CHRISTENSEN & MARTINEAU<br>10 Exchange Place, Eleventh Floor<br>Salt Lake City, Utah 84145<br>Email: hsw@scmlaw.com<br>　　　　dnc@scmlaw.com<br>　　　　tpk@scmlaw.com<br><br>*Attorneys for Defendants* | (X) CM/ECF System |

　　　　　　　　　　　　　　　　/s/ J.C. Jensen
　　　　　　　　　　　　　　　　Jeffrey C. Jensen