Sam Meziani (#9821)
GOEBEL ANDERSON PC
405 South Main Street #200
Salt Lake City, Utah 84111
*smeziani@gapclaw.com*

Patrick A. Shea (#2929)
2568 S. Elizabeth St. #4
Salt Lake City, Utah 84106
*pas@patshealaw.com*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| AARON JAMES and TIFFANY JAMES, Heirs and Personal Representatives of the Estate of Zane James,<br><br>Plaintiffs,<br><br>vs.<br><br>CASEY DAVIES, and COTTONWOOD HEIGHTS;<br><br>Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDANT CASEY DAVIES'S MEMORANDUM ON USE OF *GARRITY* DERIVED STATEMENTS**<br><br>Case 2:19-cv-00341<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Aaron and Tiffany James, heirs and personal representatives of the Estate of Zane James, submit the following response to Officer Davies's Memorandum on Use of Garrity Derived Statements:

## **INTRODUCTION**

This is a simple legal issue. There is no legal bar to the admission of Officer Davies's statement in this case. The statement is admissible under the Federal Rules of Evidence. The

1

Fifth Amendment does not restrict the disclosure or use of the statement in this civil case. In short: "This is a civil case; therefore *Garrity* does not apply."[1]

It is worth stating at the onset that the *Garrity* issue has arisen in an odd procedural posture. Ordinarily, litigation regarding the admission of statements and documents is handled at summary judgment or trial. Much of what Davies asks the court to do in terms of future testimony is premature. The court should not issue an advisory ruling on the admissibility of future testimony.

With regard to the pleadings, the court has denied Defendant's motion to dismiss. Should Plaintiffs decide to amend their complaint, they may allege any facts for which there is adequate support. Plaintiffs may recite the events of Zane James shooting and death in any way they see fit, with or without attaching Officer Davies' statement. Should Plaintiffs decide to attach the statement as an exhibit to their civil complaint, there is no evidentiary or Fifth Amendment prohibition.

## ARGUMENT

### I.    Officer Davies' June 2018 Statement is Admissible

On June 18, 2018, Defendant Casey Davies, with counsel present, gave a statement to Sergeant Ryan Shosted. The statement was ostensibly given in connection with an internal investigation into the use of deadly force against Zane James. The statement was voluntarily produced, but even if Defendants had attempted to withhold the statement, it must be produced.[2]

---

[1] *Lindsly v. Worley*, 2012 WL 12986674, *2 (S.D. Ohio)
[2] *See, e.g., Collins v. Bauer*, 2012 WL 253881, *4 (N.D. Tex.) (In a 1983 case, denying motion to protect Garrity statement given during internal investigation); *Williams v. Swack,* 2016 WL 3536574, *5 (W.D.N.Y.) (requiring production of Garrity statement "does not implicate the Fifth Amendment").

Officer Davies recounts in detail the events and moments leading up to the shooting of 19-year-old Zane James, which left him paralyzed and eventually led to his death. The statement is highly relevant to the disputed issues in this case. The question for this court is whether there is a legal bar to the statement's admission. There is not.

The statement is independently admissible under the Federal Rules of Evidence. The statement is the admission of a party opponent and is non-hearsay. Fed. R. Evid. 801(d)(2)(A). Thus, there is no evidentiary basis to exclude the statement.

Officer Davies claims the statement may not be used at all in this civil case and invokes the Fifth Amendment and *Garrity v. State of N.J.*[3] But *Garrity* does not provide the relief Officer Davies seeks.

The rule in *Garrity* is simple. The compelled testimony of a public employee under pain of employment sanctions does not lose Fifth Amendment protection.[4] The necessary consequence is also simple: Officer Davies' statement may not be used against him in a criminal prosecution. The "Constitution is violated **only** when the statement, or the fruit of that statement, is used against the officer in a subsequent **criminal proceeding**."[5] Officer Davies's attempt to use the Fifth Amendment to protect him from a civil money judgment is not supported by the text[6] of the Fifth Amendment or governing authority applying *Garrity*. The Fifth Amendment protects the right to remain silent in any criminal prosecution; it does not provide a shield from civil litigation and money judgments.[7]

---

[3] 385 U.S. 493 (1967)
[4] *Id.* at 500.
[5] *In re Grand Jury Subpoenas Dated December 7 and 8 v. U.S.*, 40 F.3d 1096, 1102 (10th Cir. 1994) (emphasis added).
[6] "…nor shall be compelled in any criminal case to be a witness against himself…."
[7] *Mitchell v. U.S.,* 526 U.S. 314, 328 (1999) ("the rule allowing invocation of the privilege, though at the risk of suffering an adverse inference or even a default, accommodates the right not

A. The Statement is Admissible in this Civil Case

"The Fifth Amendment protects individuals against compulsion to incriminate themselves 'in any criminal case.'"[8] In *In re Grand Jury Subpoenas*, the Tenth Circuit held the presentation of a police officer's compelled statement to a *grand jury* was not a violation of the Fifth Amendment. The court found the officer's "generalized fear" that the grand jury might return an indictment was an insufficient basis to prevent the *Garrity* statement from being presented to the grand jury.[9] Without a criminal indictment, the appellate court explained it had "no way of knowing" whether the statement is "used in a constitutionally proscribed manner."[10] In the same way, introducing a *Garrity* statement into evidence before a civil petit jury does not violate the Fifth Amendment because it is not being used in a criminal proceeding.

In *U.S. v. Vangates,*[11] the Eleventh Circuit also recognized the use of a *Garrity* statement in civil litigation does not create a Fifth Amendment violation. Novelette Hamilton was arrested for failing to complete community service hours for a shoplifting. During her detention she was assaulted by Officer Vangates and others. An internal investigation ensued, and Officer Vangates was given a *Garrity* warning.[12] Ms. Hamilton then brought a Section 1983 suit against Vangates. In the civil rights 1983 case, the investigating Internal Affairs officer testified in detail about her interviews with the officers, including Vangates. Transcripts and tape recordings of Vangates' statements during the internal investigation were admitted into evidence:

---

to be a witness against oneself while still permitting civil litigation to proceed."); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) ("a defendant has no absolute right not to be forced to choose between testifying in a civil action and asserting his Fifth Amendment privilege")
[8] *Vogt v. City of Hays, Kansas*, 844 F.3d 1235, 1239 (10th Cir. 2017)
[9] 40 F.3d at 1104
[10] Id. at 1103
[11] 287 F.3d 1315, 1317 (11th Cir. 2002)
[12] Id. at n. 1.

4

> At trial, the plaintiff introduced into evidence, as an exhibit during Sgt. Williams's testimony, the Internal Affairs investigative file regarding the incident, which contained transcripts and tape recordings of Williams's interviews with the officers. In addition, Williams testified without objection about the interviews and quoted summaries found in the Internal Affairs reports during her testimony.[13]

Officer Vangates was ultimately indicted. In the criminal case, the magistrate and district judge determined statements made as part of the Internal Investigation were not admissible, even though they had been admitted into evidence in the Section 1983 case.[14]

In *Lindsly v. Worley*, the district court ruled: "*Garrity* does not prohibit the introduction at trial of any statements the Defendants gave during the investigation, either as substantive evidence under Fed. R. Evid. 801(d)(2), for purposes of impeachment, to refresh recollection, or for any other proper purpose under the Federal Rules of Evidence."[15]

Applying these authorities to this case, the correct result is apparent. Officer Davies's statement may be admitted into evidence. However, the statement maintains its Fifth Amendment protection should a criminal proceeding arise in the future.

### B. The Jury May Draw Adverse Inferences if Officer Davies Refuses to Testify

Much of Officer Davies's brief concerns his Fifth Amendment rights, but Davies confuses the existing statement with future testimony. The admissibility of: (a) the June 2018 recorded statement and the treatment of (b) Officer Davies's future testimony are distinct questions and must be analyzed separately.

---

[13] *Id.* at 1318.
[14] The magistrate judge "denied the motion…because the statements contained in the file were protected by *Garrity* when the officers gave them, and using the Internal Affairs file in the civil trial did not eliminate that protection." *Id.*
[15] 2012 WL 12986674, *3

With regard to future testimony, if Officer Davies invokes the Fifth Amendment,[16] the jury may draw an adverse inference. This principle is firmly established by decades of federal precedent. The Supreme Court has held "*the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.*"[17] Courts in thus District routinely follow this precedent and give juries adverse inference instructions.[18] There is no reason the court should depart from U.S. Supreme Court precedent in this case. If Davies asserts the Fifth Amendment in response to questioning about his actions, Plaintiffs are entitled to an adverse inference instruction.

The right to an adverse inference is so well enshrined that, of course, Davies is unable to come up with any authority that might limit its use in this case. Davies cites cases that address a premature issue: whether a judgment in a civil case can rest exclusively on an adverse inference.[19] These cases have no application here because there is a wealth of independent evidence that Davies used excessive force against James. Moreover, the time to raise these cases is after the close of the evidence. Whether the quantum of evidence against Davies is sufficient to find he used excessive force in the shooting of Zane James may not be determined at this early stage. The court should not issue an advisory opinion on the scope of the adverse inference and the sufficiency of the evidence at this stage.

---

[16] With regard to future testimony, Davies may not assert the Fifth Amendment absent a showing of some genuine concern there is a risk of prosecution. "*It is axiomatic that the Fifth Amendment protects against real dangers, not remote and speculative possibilities*." *In re Grand Jury Subpoenas*, 40 F.3d at 1103; *U.S. v. Jones*, 703 F.2d 473, 476 (10th Cir. 1983) (same).

[17] *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)

[18] *See S.E.C. v. Smart*, 2011 WL 2297659, *18 (Kimball, J.); *Parker v. Olympus Health Care, Inc.*, 264 F. Supp 2d 998, 1001 (D. Utah 2003) (Cassell, J.).

[19] See Dkt. 76, pp. 6-7

## **CONCLUSION**

For the foregoing reasons, the court should rule the June 2018 statement may be admitted into evidence in this civil case that seeks some measure of justice for the unlawful shooting of Zane James.

DATED:  February 22, 2021

>*/s/ Sam Meziani*
>Sam Meziani
>Patrick A. Shea