JEFFREY C. JENSEN (Bar No. 16073)
**NELSON JONES, PLLC**
8941 South 700 East, Suite 203
Sandy, Utah 84070
Tel.: (801) 981-8779
Fax: (801) 505-0360
Email: jeff@nelsonjoneslegal.com

*Attorney for Defendant Casey Davies*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| AARON JAMES and TIFFANY JAMES, Heirs and Proposed Personal Representatives of the Estate of Zane James,<br><br>Plaintiffs,<br><br>vs.<br><br>CASEY DAVIES and COTTONWOOD HEIGHTS,<br><br>Defendants | **DEFENDANT CASEY DAVIES' REPLY IN SUPPORT OF MEMORANDUM ON USE OF GARRITY DERIVED STATEMENTS**<br><br>Case No. 2:19CV341 HCN DBP<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

COMES NOW, Defendant, CASEY DAVIES ("Officer Davies"), by and through NELSON JONES, PLLC, and undersigned counsel, and hereby provides the following reply in support of memorandum on use and disclosure of *Garrity* derived statements:

## **ARGUMENT**

### INTRODUCTION

1. Defendant agrees with Plaintiff that this is a simple legal issue. Defendant adds that the issue is one of privilege or protection afforded via the Fifth and Fourteenth Amendments

and that Officer Davies should not be "relegated to a watered-down version of constitutional rights." *Garrity v. State of N.J.*, 385 U.S. 493, 500 (1967).

2. Defendant agrees with Plaintiff that this is a civil case. Defendant disagrees with Plaintiff's *Lindsly v. Worley* argument that, because this is a civil case ". . . *Garrity* does not apply." Plaintiff's Response to Defendant Casey Davies's Memorandum on Use of Garrity Derived Statements ("Plaintiff's Response") p.2:1 footnote 1.

3. Yes, the *Lindsly* court held, "This is a civil case; therefore, *Garrity* does not apply." *Lindsly v. Worley*, WL 12986674, at *2 (S.D. Ohio June 19, 2012). However, to support this part of the holding, the *Lindsly* court specifically referenced *Lingler v. Fechko*, 312 F.3d 237, 239 (6th Cir. 2002). In *Lingler*, the court held that a Police Chief did not violate his subordinates Fifth Amendment right by exacting statements from them as part of an investigation were said statements were not obtained, as is required for Garrity protection, *"under threat of removal from office."* (emphasis added) *Garrity* at 500.

4. Going back to the *Lindsly* holding, that court also held, "[a]dditionally, Garrity does not apply because there is no evidence that Defendants *were compelled to waive their Fifth Amendment privilege* against self-incrimination in conjunction with being required to cooperate and provide truthful answers during the Internal Affairs investigation." (emphasis added) *Lindsly* at *2.

5. Unlike *Lindsly* and *Lingler*, Officer Davies was required to waive his Fifth Amendment privilege under threat of removal from office, hence *Garrity* protection applies.

6. Defendant agrees with Plaintiffs in that Plaintiffs may allege any facts for which there is adequate support in an amended complaint. Plaintiff's Response p.2:3. However,

adequate support for such facts may not be derived from the fruits of Officer Davies' protected statements, as argued in Defendant's Memorandum of Use of Garrity Derived Statements ("Defendant's Memorandum"). It appears Plaintiffs feel that since Officer's Davies' protected statements were made, Plaintiff's may use them in any manner they deem fit. This is not the tone of the aforementioned Amendments nor those cases referenced in Defendant's Memorandum which only permit disclosure and use of Garrity derived statements in very limited and controlled circumtances. *See* Defendant's Memorandum p.3:2 to p.5:1.

## ADMISSIBILITY

7. Irrespective of any details or the relevance of those details that Officer Davies may have recounted as part of his protected statements and that Plaintiff's were not already aware of, the legal bar of the use of said statements is found in the Fifth via the Fourteenth Amendments and as prior immunized statements as argued in Defendant's Memorandum via *Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983). One must not lose sight of the fact that but for the threat that Officer Davies may be removed from office for not answering questions, Officer Davies answered questions and those answers are protected. To waterdown or, as Plaintiff's request, to disregard this protection in any venue would call into question the very purpose and force of said protection.

8. Defendant acknowledges Plaintiff's reference to Fed. R. Evid. 801(d)(2)(A) Plaintiff's Response p.3:2. Rule 801(d)(2)(A) is not an open door to all statements and is subservient to Rule 104(a)'s preliminary question. Fed. R. Evid. 104(a) states, "[t]he court must decide any preliminary question about whether a witness is qualified, *a privilege exists*, or evidence is *admissible*. In so deciding, the court is not bound by evidence rules, *except those on*

*privilege.*" (emphasis added). The privilege at issue is the privilege against self-incrimination.

9. Plaintiff's argue that "Officer Davies claims the statement may not be used at all in this civil case and invokes the Fifth Amendment and *Garrity v. State of N.J.* But *Garrity* does not provide the relief Officer Davies seeks." Plaintiff's Response p.3:3.

10. Plaintiffs, as others have, narrowly focus on the *Garrity* court's use of the word "criminal" and argue that with the court's lack of a specific "civil" holding that the court somehow meant *Garrity* derived statements shall be disclosed and used in a civil proceeding. Rather than making such an erroneous assumption, one must first look at what was and was not before that court and then look at the holding with wide-eyes.

11. The issue before the *Garrity* court was the use of a public employee's statement obtained under the threat of removal from office that was subsequently used against that employee in a *criminal proceeding* and the public employee's arguments that their protected statement should not be used against them in a *criminal proceeding*. What was not before the *Garrity* court was the use of a public employee's statement obtained under the threat of removal from office that was used against that employee in a *civil proceeding*. Hence the presence of the "criminal" term Plaintiff focuses on and the lack of any specific "civil" reference. With this, one may opine that the *Garrity* court left open the decision of whether or not Garrity derived statements may be used in a civil proceeding. But looking at the holding wide-eyed, by including Fourteenth and Fifth Amendment protection to Garrity derived statements, the *Garrity* court made a clear path prohibiting the use of *Garrity* derived statements in a civil proceeding, as argued in Defendant's Memorandum, p.2:4 to p.3:1.

12. Plaintiffs then argue that *Mitchell v. U.S.*, 526 U.S. 314, 328 (1999) stands for,

"[t]he Fifth Amendment protects the right to remain silent in any criminal prosecution; it does not provide a shield from civil litigation and money judgments." Plaintiff's Response p.3:4. Unlike the above-captioned matter, *Mitchell* was a case of a *non-public employee*, who was *not threatened from removal from office*, and who the court found could not be forced to waive her Fifth Amendment protection during the sentencing phase of her criminal case. However as to civil matters and the privilege against self-incriminating statements, *Mitchell* actually supports Defendant's argument, where the *Mitchell* court held,

> In ordinary *civil cases, the party confronted with the invocation of the privilege* by the opposing side has *no capacity to avoid it*, say, by *offering immunity from prosecution*. The rule allowing invocation of the privilege, though at the risk of suffering an adverse inference or even a default, accommodates the right not to be a witness against oneself while still permitting civil litigation to proceed.

*Mitchell v. United States*, 526 U.S. 314, 328, (1999). By invoking the privilege, which Officer Davise has done and re-invoking the privilege, which Officer Davies has also done, Plaintiff's have no capacity to avoid said invocation.

13. Plaintiffs then refer to the holdings of *In re Grand Jury Subpoenas* and *U.S. v. Vangates* as support for their argument that Officer Davies' protected statement may be used in this civil case. Plaintiff's arguments are in error.

14. *In re Grand Jury Subpoenas* was before a *grand jury* and as argued in Defendant's Memorandum, grand jurys are one of the few exceptions where a public employee may not rely on Fifth Amendment protection, as long as a grant of immunity has been made.

> Unless the grant of immunity assures a witness that his incriminating testimony will not be used against him in a subsequent criminal prosecution, the witness has not received the certain protection of his Fifth Amendment privilege that he has been forced to exchange. No court has authority to immunize a witness. That responsibility, as we have noted, is peculiarly an executive one, and only the Attorney General or a designated officer of the Department of Justice has authority

5

to grant use immunity. See 18 U.S.C. §§ 6002, 6003.

*Pillsbury Co. v. Conboy*, 459 U.S. 248, 103 S. Ct. 608, 609, 74 L. Ed. 2d 430 (1983). Inapposite from *In re Grand Jury Subpoenas*, the above-captioned matter is not before a grand jury.

15. In *U.S. v. Vangates*, a correctional officer provided a Garrity statement about her actions and as part of her department's internal affairs investigation. That correctional officer failed to invoke the Fifth Amendment when she was later questioned about those same actions during a civil trial. The correctional officer's civil testimony was later used against her in her criminal trial. There, the court held,

> explicit grant of *Garrity* use immunity that correctional officer received pursuant to an internal affairs investigation of officer's alleged assault on inmate did not extend to *statements officer made subsequently at trial of civil rights actions* brought against her by the inmate, and (2) statements of correctional officer during civil trial *were not coerced in violation of the Fifth Amendment privilege* against self-incrimination and *Garrity*.

(emphasis added) *United States v. Vangates*, 287 F.3d 1315 (11th Cir. 2002). Inapporsite from *Vangates*, in the above-capationed matter, Officer Davies re-asserted his *Garrity* protection when questioned by Plaintiff's counsel about his protected statements.

**ADVERSE INFERENCE**

16. Defendant disagrees with Plaintff's claim, "If Davies asserts the Fifth Amendment in reponse to questioning about his actions, Plaintff *are entitled* to an adverse inference instruction" Such an obligatory assertion falls afoul of the permissiveness and requirements for an adverse inference, as argued in Defendant's Memorandum but also referenced in Plaintiff's Response. Plaintiff's Response p.6:1 footnote 17.

**CONCLUSION**

Officer Davies' statement is protected, that protection has not been waived and that

6

protection must not be watered down by Plaintiff's misinterpretation of the *Garrity* holding. Based on the foregoing, this Court should find that Officer Davies' *Garrity* statement may not be used in this civil proceeding.

DATED this 11th day of March 2021.

                              **NELSON JONES, PLLC**

                              By: /s/ J.C. Jensen
                                    Jeffrey C. Jensen
                                    *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March 2021, a true copy of the foregoing was served by the method indicated below to the following:

| | |
|---|---|
| Sam Meziani<br>GOEBEL ANDERSON PC<br>405 South Main Street #200<br>Salt Lake City, Utah 84111<br>Email: smeziani@gapclaw.com<br><br>Patrick A. Shea<br>2568 S. Elizabeth St. #4<br>Salt Lake City, Utah 84106<br>Email: pas@patshealaw.com<br><br>*Attorneys for Plaintiffs* | (X) CM/ECF System |
| Michael W. Young<br>PARSONS BEHLE & LATIMER<br>201 South Main Street, Suite 1800<br>Salt Lake City, Utah 84111<br>Email: myoung@parsonsbehle.com<br><br>*Attorney for Tali Bruce* | (X) CM/ECF System |
| Heather S. White<br>Dani N. Cepernich<br>Taylor P. Kordsiemon<br>SNOW CHRISTENSEN & MARTINEAU<br>10 Exchange Place, Eleventh Floor<br>Salt Lake City, Utah 84145<br>Email: hsw@scmlaw.com<br>      dnc@scmlaw.com<br>      tpk@scmlaw.com<br><br>*Attorneys for Defendants* | (X) CM/ECF System |

/s/ J.C. Jensen
Jeffrey C. Jensen