Sam Meziani (9821)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, UT  84111
Telephone:  801.441.9393
smeziani@gapclaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| AARON JAMES and TIFFANY JAMES, Heirs and Personal Representatives of the Estate of Zane James and in their individual capacities;<br><br>Plaintiffs,<br><br>vs.<br><br>CASEY DAVIES, and CITY OF COTTONWOOD HEIGHTS,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANT CASEY DAVIES' SHORT FORM DISCOVERY MOTION – MOTION TO STAY DISCOVERY**<br><br>Case No. 2:19-cv-00341<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

**<u>BACKGROUND</u>**

Defendants answered the Amended Complaint on September 20, 2021.[1]  Neither

Defendant filed a motion to dismiss.  The parties held a discovery conference in which they

agreed on a schedule for written discovery and depositions.  The court entered a scheduling order

allowing written discovery and depositions.[2]  The parties then proceeded with written discovery.

---

[1] (Dkt. 101)
[2] (Dkt. 106)

Plaintiff has issued several discovery requests and Cottonwood Heights has responded and has

produced thousands of documents.  The discovery process so far has been highly effective in

finding additional evidence in support of Plaintiffs' claims.  On December 7, 2021, the court

granted Plaintiffs' motion to strike Defendants' answers for failure to comply with Rule 8 and

ordered Defendants to answer the complaint in compliance with the rules.[3]

## ARGUMENT

Davies' motion should be denied for three reasons:

First, Davies' motion to dismiss is in violation of the court's order of December 7, 2021.

The court ordered Defendants to file a "Second Amended Answer."  The court did not grant

leave to Defendants, who had already answered, to file a Rule 12(b)(6) motion to dismiss.

Second, the motion is procedurally defective.  Federal Rule of Civil Procedure 12(b)

requires that a motion asserting the defense of failure to state a claim "*must be made before

pleading….*"  "If the defendant decides to assert a Rule 12(b) defense by motion, then he must do

so before filing the answer."[4]  Therefore Davies' motion to dismiss is improper and cannot be the

basis to halt discovery.

Third, the cases Davies cites are inapplicable.  Davies' motion has shown one thing only:

parties that raise proper procedural defenses *via timely motion* are entitled to a stay of discovery.

Thus, courts have stayed discovery where there is a pending timely motion to dismiss or a

pending motion for summary judgment.[5]  These cases are inapplicable here because Davies has

---

[3] (Dkt. 112)
[4] Wright and Miller, 5C Fed. Prac. & Proc. Civ. §1361.
[5] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (immunity issue determined at summary
judgment stage); *Workman v. Jordan*, 958 F.2d 332, 334 (10th Cir. 1992) (timely filed Rule
12(b)(6) motion to dismiss); *Taylor v. Grisham*, 2020 WL 6489643, *1-2 (*D.N.M.) (summary

answered the complaint and the parties are already headlong down the discovery track.  Having

answered the complaint and started discovery, and having seen the onslaught of bad facts headed

their way, Plaintiffs should not be allowed to pull back the curtain to prevent inquiry and go back

in time to September 2021 when they determined the complaint stated a claim for relief under

applicable qualified immunity law and decided to answer.

### CONCLUSION

Davies' motion to stay discovery should be denied.  Plaintiffs should be allowed to

depose the parties and eyewitnesses to the shooting.

Plaintiffs request oral argument.

DATED:  February 16, 2022

*/s/ Sam Meziani*
Sam Meziani
*Attorney for Plaintiffs*

---

judgment stage); *Tennant v. Miller*, 2013 WL 4848836, *1 (D. Kan.) ("**Here, discovery has not
commenced and a [Rule 16] scheduling conference has not been held**); *Rancho del Oso
Pardo v. New Mexico*, 2020 WL 3606755 (D.N.M.) (timely filed Rule 12(b)(6) motion); *Ashcroft
v. Iqbal*, 556 U.S. 662, 666  (2009) (qualified immunity raised in timely filed Rule 12(b)(6)
motion).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Mark F. James
Mitchell A. Stephens
JAMES DODGE RUSSELL & STEPHENS, P.C.
10 West Broadway, Suite 400
Salt Lake City UT  84101
mjames@jdrslaw.com
mstephens@jdrslaw.com
*Attorneys for Casey Davies*


Heather White
Dani N. Cepernich
Bryson R. Brown
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Salt Lake City UT  84145
hsw@scmlaw.com
dnc@scmlaw.com
bb@scmlaw.com
*Attorneys for Cottonwood Heights*

*/s/ Sam Meziani*