Mark F. James (5295)
Mitchell A. Stephens (11775)
Justin L. James (15167)
JAMES DODGE RUSSELL & STEPHENS, P.C.,
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Email: mjames@jdrslaw.com
        mstephens@jdrslaw.com
        jjames@jdrslaw.com

*Counsel for Casey Davies*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| AARON JAMES and TIFFANY JAMES, Heirs and Proposed Personal Representatives of the Estate of Zane James,<br><br>Plaintiffs,<br>vs.<br><br>CASEY DAVIES, and COTTONWOOD HEIGHTS;<br><br>Defendants. | **SHORT FORM MOTION FOR PROTECTIVE ORDER TO KEEP *GARRITY* STATEMENT CONFIDENTIAL**<br><br>Case No. 2:19-CV-341 HCN DBP<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

**RELIEF REQUESTED/INTRODUCTION**

Defendant, Casey Davies ("Officer Davies"), pursuant to the Court's standard protective order and the Parties' agreement, moves the Court for a protective order to keep Officer Davies' *Garrity* Statement "Confidential" to prevent Plaintiffs from publicly filing the document.

There are at least two reasons the Court should require Officer Davies' *Garrity* statement to be kept confidential: *First,* Utah law mandates that *Garrity* statements are protected. *Second,* a

criminal investigation is currently pending against Officer Davies' and public release of the *Garrity* statement risks tainting the investigation.

*First,* the Utah legislature recently passed a new bill that designates *Garrity* statements to be a protected governmental record and not subject to public access. *See* Utah H.B. 399, 2022 General Legislative Session (amending Utah Code § 63G-2-305 to defined *Garrity* statements as a "protected record." While the Bill has not been signed into law, it is awaiting the Governor's signature. [1]

*Second,* the Salt Lake County District Attorney's Office recently re-opened their criminal investigation of Officer Davies. In *In re. Grand Jury Subpoenas,* the Tenth Circuit addressed whether immunized statements presented to a grand jury violated the police officer's Fifth Amendment rights. 40 F.3d 1096. The Tenth Circuit held that production of the statements to a grand jury did not violate a police officer's right. *Id.* at 1105. In reaching its conclusion, the Tenth Circuit noted that "adequate safeguards are in place to ensure that a police officer's privilege against self-incrimination is not violated." *Id.* at 1104. One of those "safeguards" was various policies ensuring that the immunized statements are "never seen by…the government attorney handling the case," because such statements are "sanitize[d]" "**by redacting statements** and fruits of statements." *Id.* at 1103. Publicly filing Officer Davies' *Garrity* statement blows past this safeguard, and, at best, unnecessarily complicates the re-opened criminal investigation.

Accordingly, Officer Davies' *Garrity* statement should be kept CONFIDENTIAL under the Court's standard protective order as well as any statements contained therein.

---

[1] According to https://le.utah.gov/~2022/bills/static/HB0399.html, last accessed March 14, 2022, the Bill was sent to the Governor's Office for signature on March 14, 2022; *see also* https://www.usnews.com/news/best-states/utah/articles/2022-03-04/governor-to-sign-law-keeping-some-police-statements-secret (indicating that Govenor Cox stated "he will sign [the] bill[.]"), *last accessed* March 14, 2022.

## CERTIFICATION

The Parties have met and conferred on this issue twice. First, the parties met and conferred on February 24, 2022, at approximately 4:00 pm. At that conference the Parties agreed to keep the *Garrity* statement confidential, without waiver of any right to challenge the CONFIDENTIALITY. On March 8, 2022, at approximately 1:00 pm, counsel for Plaintiffs indicated his desire to challenge the designation and file publicly the *Garrity* statement, at which time the parties met and conferred in good faith.

JAMES DODGE RUSSELL STEPHENS, PC

*/s/ Justin L. James*
Mitchell A. Stephens
Justin L. James

*Attorneys for Officer Davies*